IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PERETZ, LLC,<br>*a Florida Limited Liability Company*,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLINA RESTAURANT GROUP, INC.,<br>*a North Carolina Company*,<br><br>Defendant. | No. 2:24-cv-04368-DCN<br><br>**ORDER** |

The following matter is before the court on defendant Carolina Restaurant Group Inc.'s ("CRG") motion to strike plaintiff Peretz, LLC's ("Peretz") expert witness, ECF No. 55. For the reasons set forth below, the court denies CRG's motion to strike Peretz's expert witness and orders Peretz to pay CRG's costs and fees according to the instructions of this order.

### I.  BACKGROUND

This action arises from a landlord-tenant dispute. ECF No. 1, Compl. ¶ 1. CRG operates over one hundred Wendy's franchise locations across the Southeastern United States. Id. ¶ 7. Peretz owns real property located at 4113 Rivers Avenue, North Charleston, South Carolina 29405 and leases it to CRG to be operated as a Wendy's franchise location (the "Wendy's restaurant"). Id.

In 2019, CRG was assigned the lease (the "Lease Agreement") to the Wendy's restaurant. Id. Pursuant to the Lease Agreement, CRG assumed "all obligations, liabilities, and covenants" arising from the existing lease. Id. One such obligation was that CRG must comply with the standards and timing schedule for premises renovations

1

as set by Wendy's International. Id. ¶ 8. The Lease Agreement specified an expiration date of March 31, 2025. Id. ¶ 7. In addition to the Lease Agreement, CRG entered into a franchise and consent to assignment with Wendy's International (the "Franchise Agreement"). Id. ¶ 9. The Franchise Agreement contained a provision that required CRG to complete all premises renovations for the entire franchisee portfolio by December 31, 2024. Id.

On February 4, 2024, CRG notified Peretz that it would renew the Lease Agreement only if Peretz agreed to finance the premises renovations under a construction proposal that CRG would submit. Id. ¶ 13. Even after multiple requests from Peretz, CRG did not submit its proposal. Id. ¶ 14. On April 5, 2024, CRG emailed Peretz stating that Wendy's International had extended the deadline for its premises renovations of the Wendy's restaurant to December 31, 2025 at CRG's request. Id. ¶ 16. CRG also advised Peretz that Wendy's International had provided it with authorization to cease its franchisee operation of the of the Wendy's restaurant. Id. ¶ 16. Peretz responded on April 16, 2024 that it considered CRG in breach of the Lease Agreement for unilaterally soliciting an amendment from Wendy's International to the premises renovations deadline contained in the Franchise Agreement. Id. ¶ 18. CRG informed Peretz that it would not renew the Lease Agreement or perform the premises renovations at the Wendy's restaurant on July 17, 2024. Id. ¶ 19.

Peretz filed its complaint on August 9, 2024, asserting causes of action for breach of contract and breach of the covenant of good faith and fair dealing under South Carolina law. ECF No. 1, Compl. On July 7, 2025, Peretz identified its expert witness. ECF No. 42. CRG filed a motion to strike Peretz's expert witness designation on October

8, 2025.  ECF No. 55.  On October 29, 2025, Peretz responded in opposition.  ECF No. 63.  CRG replied on November 5, 2025.  ECF No. 66.  The court held hearing on CRG's motion to strike on December 10, 2025.  ECF No. 80.  As such, the motion is fully briefed and ripe for the court's review.

## II.  STANDARD

Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence."  Fed. R. Civ. P. 26(a)(2)(A).  "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(B).  Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a), [ ] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was <u>substantially justified or is harmless</u>."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Id.

The court has broad discretion to determine whether the nondisclosure of a witness or evidence is substantially justified or harmless.  See <u>Southern States Rack &</u>

Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). In determining whether a party's nondisclosure was substantially justified or harmless, the court looks to:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

Id. at 595–96 (internal citations omitted). The burden of establishing the Southern States factors lies with the nondisclosing party. Wilkins v. Montgomery, 751 F.3d 214, 220–21 (4th Cir. 2014).

### III. DISCUSSION

CRG moves to strike Peretz's expert witness on the ground that Peretz did not comply with Rule 26(a)(2) by disclosing its expert witness report. ECF No. 56. First, CRG argues that Peretz's nondisclosure is unjustified because it did not comply with the filing deadlines of this court's scheduling order, agreements of the parties, and Rule 26(a)(2) although Peretz was in possession of all documents that its expert required. ECF No. 56-1 at 5–8. Second, CRG contends that Peretz's nondisclosure was harmful by prejudicing its defense and requiring greater exhaustion of resources. Id. at 8–10. In opposition, Peretz asserts that its nondisclosure was justified by CRG's allegedly deficient document production and that CRG has suffered no harm to its defense. ECF No. 63 at 7–10.

On June 6, 2025, this court entered a third amended scheduling order requiring Peretz to file and serve its expert witness information by July 7, 2025. ECF No. 39 at 1. The case was subject to trial during the term of court beginning on January 5, 2026. Id. at 2. On July 7, 2025, Peretz named Michael Martin as its "retained expert in the field of commercial real estate research, appraisal, valuation, and investment." ECF No. 42 at 1.

4

According to Peretz's expert disclosure, he is "expected provide an expert report, opine and testify as to [Peretz's] damages."  Id.  It is undisputed that Peretz did not submit an expert report with its expert witness information.  See ECF Nos. 42, 56-1, 63.  It is also undisputed that Peretz failed to provide its expert report by October 7, 2025; the ninety-day pre-trial deadline for disclosure of expert witness testimony set by Rule 26(a)(2)(D)(i).  See ECF No. 43.  Peretz finally submitted its expert report to CRG on October 24, 2025.  See id.

Peretz's original nondisclosure of its expert report failed to adhere to the deadlines of this court's scheduling order.  See Wright v. Bi-Lo, LLC, 2020 WL 13616439, at *3 (D.S.C. Mar. 27, 2020) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)).  Its eventual, untimely disclosure was made after several agreed-upon deadlines of the parties and thus has inhibited CRG's ability to properly prepare for trial and defend the issue of damages.  See Wilkins, 751 F.3d at 220–21.  Contrary to Peretz's contention, reopening discovery for additional document production and expert depositions will create further delay and require a greater exhaustion of resources.  See Palmetto Pharm. LLC v. AstraZeneca Pharm. LP, 2012 WL 4369259, at *3 (D.S.C. 2012) ("Defendant's failure to disclose [the expert's] opinion regarding the [study] cannot be considered 'justified' or 'harmless' simply because the opposing party had opportunity to depose.").

However, the court finds that Peretz has demonstrated that the Southern States factors do not weigh in favor striking its expert witness.  See Wilkins, 751 F.3d at 220–21.  At the motion hearing, both parties acknowledged that they have cooperatively

5

worked to resolve several discovery disputes without this court's intervention—including producing documents and extending deadlines. ECF No. 80. Further, the parties agreed that Peretz's nondisclosure was partially the result of its expert witness requiring financial documents that CRG stated that it would produce, even after Peretz's expert report was due. Id. The communications of the parties evince a lack of surprise to CRG and mutual willingness of the parties to allow Peretz to cure its untimely expert report. ECF No. 57.

In this case, Peretz asserts a cause of action for breach of contract. Compl. ¶¶ 25–29. It retained its expert witness to opine on its damages. ECF No. 42 at 1. The testimony of Peretz's expert witness is important because it has the burden to prove damages as an essential element of its claims for breach of contract. See Hennes v. Shaw, 725 S.E.2d 501, 506 (S.C. Ct. App. 2012) ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach.") (citing Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962)). Consequently, striking Peretz's expert witness would be fatal to its claim. See, e,g., Meyer v. Anderson, 2022 WL 17324998, at *10 (D.S.C. Nov. 29, 2022) (granting summary judgment against a plaintiff who failed to establish damages for its breach of contract claim under South Carolin law).

According to the parties, Peretz's untimely expert witness report disclosure and CRG's motion to strike Peretz's expert witness are the result their continued dispute of Peretz's motion to compel filed on May 20, 2025. ECF No. 80. In its motion to compel, Peretz sought production of documents concerning the costs of premises renovations to other Wendy's International franchisee location operated by CRG. See ECF No. 34 at 3, 10–21. Peretz stated that this information would be used to "prove its damages and to

prepare expert evidence on renovation costs and property valuation." Id. at 5. At the hearing on August 18, 2025, Peretz represented to the court that the parties had resolved its motion to compel. ECF No. 51. As such, the court orders Peretz to pay CRG's costs and fees incurred between July 8, 2025 to December 10, 2025 that are attributable to CRG's motion to strike Peretz's expert witness. See Fed. R. Civ. P. 37(c)(1)(A).

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** CRG's motion to strike Peretz's expert witness. The court **ORDERS** Peretz to pay CRG's costs and fees according to the instructions of this order.[1]

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**January 15, 2026**
**Charleston, South Carolina**

---

[1] CRG is instructed to submit to the court, within fifteen (15) days of issuance of this order, its billing records of costs and fees incurred between July 8, 2025 to December 10, 2025 that are attributable to its motion to strike Peretz's expert witness for in camera review.